# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

| | |
|---|---|
| Duke and King Acquisition Corp. | Case No. 10-38652 |
| Debtor. | Chapter 11 Case |
| Duke and King Missouri, LLC | Case No. 10-38653 |
| Debtor. | Chapter 11 Case |
| Duke and King Missouri Holdings, Inc. | Case No. 10-38654 |
| Debtor. | Chapter 11 Case |
| Duke and King Real Estate, LLC | Case No.10-38655 |
| Debtor. | Chapter 11 Case |
| DK Florida Holdings, Inc. | Case No. 10-38656 |
| Debtor. | Chapter 11 Case |

## NOTICE OF HEARING AND JOINT MOTION FOR ORDER (I) GRANTING EXPEDITED RELIEF, (II) AUTHORIZING JOINT ADMINISTRATION OF CASES, AND (III) RESTRICTING SERVICE UNDER LOCAL RULE 9013-3(A)(2)

To: The parties-in-interest as specified in Local Rule 9013-(a)(1).

1. The above-captioned debtors and debtors in possession (collectively, the "Debtors") move the Court for the relief requested below and give notice of hearing.

2. The Court will hold a hearing on this Motion at a time and location that have not been determined. The Debtors will request that the Court hold the hearing on December 7, 2010, in the Federal Courthouse in either Minneapolis, Minnesota or St. Paul, Minnesota. The Debtors will provide separate notice of the time and location of the hearing. Alternatively, parties-in-interest may contact Debtors' counsel for hearing information.

3. Local Rule 9006-1(b) provides deadlines for responses to this Motion. However, given the expedited nature of the relief sought, movants do not object to written responses being

4843169

served and filed immediately prior to the hearing. **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005 and Local Rule 1070-1. This is a core proceeding. The petitions commencing the Debtors' chapter 11 cases were filed on December 4, 2010 (the "Petition Date"). The cases are now pending before this Court.

5. This Motion arises under Bankruptcy Rules 1015 and 2002 and Local Rule 9013-3(a)(2), and is filed under Bankruptcy Rule 9014 and Local Rules 4001-2 and 9013. The Debtors request the entry of an order on an expedited basis providing for the joint administration of the Debtors' chapter 11 cases and their consolidation for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

## BACKGROUND

6. On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"). The Debtors have continued in possession of their property and are managing their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. As of the Petition Date, the Debtors operate 92 separate franchise locations: 39 in Minnesota; 28 in Missouri; 17 in Illinois; 12 in Wisconsin; 3 in Iowa; and 1 in Kansas.

8. Duke and King Acquisition Corp. ("D&K Acquisition") was formed in November 2006, to acquire 88 Burger King franchise restaurants from the Nath Companies ("Nath"). The acquisition was funded by approximately $11.2 million in equity contributions from Kinderhook Capital Fund I and $17 million of debt provided by Bank of America, N.A. ("BofA"). At the time of the acquisition, Burger King Corporation ("BKC") and Kinderhook Industries

("Kinderhook") recognized that the stores being purchased were significantly behind on both successor and CAPEX commitments. Notwithstanding the significant CAPEX requirements, D&K Acquisition decided to move forward with the Nath acquisition, based in part, on guidance from BKC that there would be opportunities in the near future to bolster its platform with additional acquisitions. The Nath acquisition also included 12 restaurants in Florida which D&K Acquisition planned on divesting shortly after closing the transaction so that it could focus on its core Midwest market.[1]

9. Shortly after the Nath acquisition, D&K Acquisition formed Duke and King Missouri, LLC ("D&K Missouri" and with D&K Acquisition, the "Company") to purchase 24 restaurants in Missouri, known at the time as the Swisshelm Group ("Swisshelm"). Like the Nath restaurants, the Swisshelm assets were in poor condition and were also in need of significant operational and capital improvements. For example, in the first six months following the Swisshelm acquisition, 20 of the 23 regional managers and three of the four area managers were replaced in that market. This high turnover, while ultimately improving on-going operations, initially hurt productivity and added significant replacement and training costs. Additionally, the CAPEX required to bring the stores to acceptable conditions exceeded original estimates by over 140%. If D&K Missouri had not purchased the Swisshelm locations, there was a high probability that the majority of the 24 stores would have been closed or converted to another concept.

10. After the Swisshelm acquisition, the Company continued to seek additional growth opportunities in an effort to "average in" low CAPEX and "clean EBITDA" to bolster the overall strength and value of its portfolio. In May 2007, the Company signed a letter of intent to

---

[1] In July 2007, D&K Acquisition sold four of the 12 Florida restaurants purchased as part of the Nath acquisition. Ten months later, BKC acquired seven of the Company's remaining Florida locations and converted them to corporate stores.

purchase 66 restaurants from Simmonds Restaurants in the Omaha and Des Moines markets. However, BKC did not approve the Company's purchase of the Omaha and Des Moines markets. Unfortunately, this development set back the Company's business plan and handcuffed its ability to "average in" better-conditioned stores with advantageous operating results. Its plan to use cash flow from stronger locations to fund CAPEX at older restaurants could not, as a result, work. The Company was left with increasingly troubled assets requiring high CAPEX dollars without the ability to leverage better performing stores.

11. The need to spend CAPEX dollars has been a constant drain on the Company. Since its inception, the Company has reinvested all of its excess cash flow into the restaurants and spent over $8.75 million on CAPEX ($4.0 million in 2007, $1.9 million in 2008, $2.3 million in 2009 and approximately $600 thousand year-to-date in 2010). Moreover, to meet additional CAPEX obligations, the Company performed sale-leasebacks of all of its real property holdings – 10 stores in 2008 and 3 stores in 2009 ― generating approximately $13.3 million. Of that amount, approximately $10.5 million was used to pay down debt and approximately $2.8 million was reinvested in the restaurants.

12. The Company's chapter 11 filing is driven by both macroeconomic factors and the Company's acute short-term liquidity problems. The Company finds itself in a situation in which its growth opportunity is limited by economic reality and its agreements with Burger King. The prolonged recession has greatly reduced customer traffic in its stores, driving down cash flow. In short, the Company's year-to-date financials have fallen short of projections. For the eleven periods[2] ended November 4, 2010, sales are $81.7 million, which is $5.4 million short of projections. Through this fiscal year, the BKC system has experienced same store sales declines for the past several quarters. Over the past four periods, the Company has experienced

---

[2] The Company uses "periods" rather than "months" in its financial reporting. A "period" is equal to 4 weeks.

sales declines of 4.4% (period 8), 10% (period 9), 2.7% (period 10), 5.2% (period 11) and 11.1% (period 12 to date). Furthermore, through period eleven, the Company's same store sales are down 4.0% from 2009. Restaurant margins have come under increased pressure with the impacts of winter weather, value promotions such as the "$1 Double Cheeseburger" and fluctuations in commodity prices, which have contributed to a decline in EBITDAR (Earnings before Interest, Taxes, Depreciation, Amortization and Rent) of over 9% in the past two years. Although the Company continues to maintain a high level of operating efficiency, and 90% of its restaurants have received "excellent" or "good" ratings from BKC, operating margins have not been sufficient to meet the restaurants' required CAPEX.

13. Earlier this year, as it addressed its liquidity problems, the Company was sued by BKC for breach of post-termination obligations under certain of BKC's franchise agreements. The litigation was resolved by the Company executing a Limited License Agreement with BKC, which, among other things, requires a sale of 52 of the Company's franchise locations on or before December 30, 2010. After that date, the Company's rights under 52 of their BKC franchise agreements will terminate, absent an extension from BKC.

14. Since October, 2010, the Company has been working on a short-term solution of its liquidity issues with BKC, as well as a long-term plan that would align the Company with BKC's new vision for improving the Burger King brand name. The Company also reached out to BofA to discuss the Company's financial condition. The Company, BKC and BofA (and their respective advisors) met several times leading up to the Petition Date. As a result of these meetings, the parties agreed to a deferral of principal and interest payments to BofA and the deferral of franchise, advertising and royalty fees to BKC. Among other conditions, and similar to the requirement of the Limited License Agreement, the Company was required to engage the

services of an investment banker to market the assets and sell the business. The Company has retained an investment banker who has commenced a professional process to find a buyer or buyers for the business in order to maximize the value of the enterprise. Through the parties' collaborative efforts, the Company was able to continue to operate until a consensual long-term deal could be finalized. However, the Company's acute cash needs – obligations to BofA, BKC, landlords and vendors – coupled with lagging revenues and the beginning of the Company's slow season, necessitated a filing under chapter 11 of the Bankruptcy Code in order to preserve the value of the business. The filing will also provide time and liquidity to market and sell the business.

15. D&K Acquisition and its subsidiaries included in the chapter 11 filing are all borrowers under the credit facility with BofA. D&K Acquisition and its subsidiaries fall into the following categories:

**Operating Companies**

16. <u>Duke and King Acquisition Corp.</u> Headquartered in Burnsville, MN, it is a Delaware corporation and 100% owner of both Duke and King Missouri Holdings, Inc. and DK Florida Holdings, Inc. It employs senior executive management and operates restaurants in Minnesota, Wisconsin, Iowa and Illinois.

17. <u>Duke and King Missouri, LLC</u>. Headquartered in Burnsville, MN, it is a Delaware limited liability company and operates restaurants in Missouri and Kansas, but is wholly owned by Duke and King Missouri Holdings, Inc.

**Holding Companies**

18. <u>Duke and King Missouri Holdings, Inc.</u> It is a Delaware corporation holding company that owns 100% of D&K Missouri.

19. <u>DK Florida Holdings, Inc.</u>  It is a Delaware corporation that serves as a holding company that formerly owned 100% of DK Florida, LLC (which was cancelled in September 2009).

20. <u>Duke and King Real Estate, LLC.</u>  It is a Delaware limited liability company that used to own real estate in fee for certain locations, but divested itself of those holdings as of 2009.

21. A chart depicting the Debtors' organizational structure is as follows:



[1] Duke and King Acquisition Corp. is 100% owned by Duke and King Holdings, Inc.

22. The Debtors' primary secured financing is through a credit facility with BofA, with obligations totaling approximately $11,000,000 as of December 1, 2010.

**RELIEF REQUESTED**

23. **Joint Administration.**  Bankruptcy Rule 1015(b) provides that if two or more petitions for relief are pending in the same court by or against a debtor and its affiliate, the court

may order joint administration of the cases. The term "affiliate" is defined in section 101(2) of the Bankruptcy Code, in relevant part, as follows:

> a. [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20% of more of the outstanding voting securities of the debtor, other than an entity that hold such securities…
>
> b. [a] corporation 20% or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20% or more of the outstanding voting securities of the debtor….

11 U.S.C. § 101(2).

24. In these cases, joint administration is appropriate and will facilitate the practical administration of the cases and restructuring of each Debtor. Many of the legal issues likely to arise here will be common to all Debtors, and the Debtors expect to propose a joint plan of reorganization or execute a comprehensive sale strategy for exiting the chapter 11 cases.

25. In addition, throughout the chapter 11 cases, the Debtors intend to file a number of motions, applications, and other pleadings intending to apply to all of the Debtors' chapter 11 cases. The joint administration of the cases, including combining notices to creditors of the respective estates and hearing of these matters related to all of the Debtors at the same time will promote economical and efficient administration of the estates by avoiding the time and expense associated with Debtors' counsel and all other parties filing duplicate pleadings and preparing duplicate orders.

26. The rights of the respective creditors of the Debtors will not be adversely affected by the joint administration, since this Motion requests only administrative consolidation and not substantive consolidation of the Debtors. Each creditor may still file a claim against a particular Debtors' estates. All creditors will benefit by the reduced costs resulting from joint administration. This Court, too, will be relieved of the burden of entering duplicative orders and
4843169                                   8

maintaining duplicative files. Supervision of the administrative aspects of the cases by the United States Trustee will also be simplified.

27. By reason of the foregoing, the interests of the Debtors and their creditors will be best served by joint administration of the cases. The Debtors request that the caption of the cases be modified to reflect that the cases are jointly administered, as follows:

| | |
|---|---|
| **Duke and King Acquisition Corp.,**[1] | **Case No. 10-38652** |
| **Debtors** | **Jointly Administered** |

[1] Duke and King Acquisition Corp., Case No. 10-38652; Duke and King Missouri, LLC, Case No. 10-38653; Duke and King Missouri Holdings, Inc., Case No. 10-38654; Duke and King Real Estate, LLC, Case 10-38655; and DK Florida Holdings, Inc., Case No. 10-38656.

## EXPEDITED RELIEF

28. Expedited relief is appropriate in the Debtors' chapter 11 cases. The decisions regarding joint administration and restricted service should be made early in the cases so that the parties understand how the cases will be administered and avoid unnecessary cost and confusion.

29. Pursuant to Local Rule 9013-2, this Motion is verified and is accompanied by a Memorandum of Law, proposed Order and proof of service.

30. Pursuant to Local Rule 9013-2, Debtors give notice that they may, if necessary call Becky Moldenhauer, Chief Financial Officer of the Debtors, to testify at the hearing on the Motion regarding the facts set out herein. The witness's business address is 12281 Nicollet Avenue, Burnsville, MN 55337.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that this Court enter an order, in the form filed herewith, granting expedited relief, authorizing the joint administration of the Debtors' bankruptcy cases, and directing the filing of documents and claims, and granting such other relief as the Court deems just and equitable.

FREDRIKSON & BYRON, P.A.

Dated: December 4, 2010

/s/ Clinton E. Cutler
Clinton E. Cutler (#158094)
Douglas W. Kassebaum (#386802)
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402
Phone (612) 492-7000
Fax (612) 492-7077
ccutler@fredlaw.com
dkassebaum@fredlaw.com

PROPOSED CO-COUNSEL TO DEBTORS
AND DEBTORS IN POSSESSION

– and –

McDONALD HOPKINS LLC

Shawn M. Riley (OH 0037235)
Scott N. Opincar (OH 0064027
Michael J. Kaczka (OH 0076548)
600 Superior Avenue, East, Suite 2100
Cleveland, OH 44114-2653
Phone (216) 348-5400
Fax (216) 348-5474
sriley@mcdonaldhopkins.com
sopincar@mcdonaldhopkins.com
mkaczka@mcdonaldhopkins.com

PROPOSED CO-COUNSEL FOR DEBTORS
AND DEBTORS IN POSSESSION

## VERIFICATION

I, Becky Moldenhauer, Chief Financial Officer of the Debtors, based upon my personal information and belief, declare under penalty of perjury that the facts set forth in paragraphs 6-22 of the preceding Motion are true and correct, according to the best of my knowledge, information and belief.

Dated: December 4, 2010    Signed: *Becky Moldenhauer*
                                   Becky Moldenhauer

4843169    11

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| In re: | |
|---|---|
| Duke and King Acquisition Corp.<br>Debtor. | Case No. 10-38652<br>Chapter 11 Case |
| Duke and King Missouri, LLC<br>Debtor. | Case No. 10-38653<br>Chapter 11 Case |
| Duke and King Missouri Holdings, Inc.<br>Debtor. | Case No. 10-38654<br>Chapter 11 Case |
| Duke and King Real Estate, LLC<br>Debtor. | Case No.10-38655<br>Chapter 11 Case |
| DK Florida Holdings, Inc.<br>Debtor. | Case No. 10-38656<br>Chapter 11 Case |

## MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR ORDER GRANTING EXPEDITED RELIEF AND AUTHORIZING JOINT ADMINISTRATION OF CASES

The Debtors in these related cases request expedited relief and an order authorizing joint administration of the cases. The facts supporting this request for relief are set out in the Notice of Hearing and Motion filed herewith.

## LEGAL ANALYSIS

The Debtors request expedited relief on the Motion. Bankruptcy Rule 9006(c) provides that the Court may reduce the notice period for a Motion "for cause shown." Cause exists here to grant the Motion on an expedited basis. Decisions about joint administration and restricted service should be made as early in a case as possible, so that parties in interest will know how the case is to be administered, to minimize unnecessary expense, and avoid confusion. There are a

number of other motions pending in the Debtors' chapter 11 cases, and allowing joint administration will ease entry of the Debtors into chapter 11.

Joint administration of related cases is governed by Bankruptcy Rule 1015(b). That Rule provides—

> If a joint petition or two or more petitions are pending in the same court by or against…a debtor and an affiliate, the court may order a joint administration of the estates. Prior to entering an order the court shall give consideration to protecting creditors of different estates against potential conflicts of interest.

Joint administration is merely procedural. Each of the Debtors' estates remains a separate legal entity and each creditor's individual rights as to each estate are preserved. In re N.S. Garrott & Sons, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); In re Arnold, 33 B.R. 765,767 (Bankr. E.D. N.Y. 1983).

In these cases, joint administration is appropriate and should be ordered. The Debtors have common ownership and operate similar businesses. They have a large number of creditors in common, including their secured lender. All will be making similar motions throughout the chapter 11 cases.

Creditors will not be prejudiced by joint administration of the cases. To the extent necessary, the proceeds of the assets of each of the Debtors will be segregated for the purpose of paying creditors of each estate. Substantial administrative cost will be saved in joint administration of the cases.

*[Remainder of page intentionally left blank.]*

For the foregoing reasons, the Debtors respectfully request that the Court enter an order for expedited relief and authorize joint administration of their chapter 11 cases.

FREDRIKSON & BYRON, P.A.

Dated:  December 4, 2010

*/s/ Clinton E. Cutler*
Clinton E. Cutler (#158094)
Douglas W. Kassebaum (#386802)
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402
Phone (612) 492-7000
Fax (612) 492-7077
ccutler@fredlaw.com
dkassebaum@fredlaw.com

PROPOSED CO-COUNSEL TO DEBTORS
AND DEBTORS IN POSSESSION

– and –

McDONALD HOPKINS LLC

Shawn M. Riley (OH 0037235)
Scott N. Opincar (OH 0064027
Michael J. Kaczka (OH 0076548)
600 Superior Avenue, East, Suite 2100
Cleveland, OH 44114-2653
Phone (216) 348-5400
Fax (216) 348-5474
sriley@mcdonaldhopkins.com
sopincar@mcdonaldhopkins.com
mkaczka@mcdonaldhopkins.com

PROPOSED CO-COUNSEL FOR DEBTORS
AND DEBTORS IN POSSESSION

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

| | |
|---|---|
| Duke and King Acquisition Corp. | Case No. 10-38652 |
| | Chapter 11 Case |
| Debtor. | |
| Duke and King Missouri, LLC | Case No. 10-38653 |
| Debtor. | Chapter 11 Case |
| Duke and King Missouri Holdings, Inc. | Case No. 10-38654 |
| Debtor. | Chapter 11 Case |
| Duke and King Real Estate, LLC | Case No. 10-38655 |
| Debtor. | Chapter 11 Case |
| DK Florida Holdings, Inc. | Case No. 10-38656 |
| Debtor. | Chapter 11 Case |

## CERTIFICATE OF SERVICE

Douglas W. Kassebaum, under penalty of perjury, states that on December 4, 2010, he caused to be served the following:

1. **Notice of Intention to Seek Expedited Hearing;**

2. **Declaration of Relatedness of Chapter 11 Cases;**

3. **Notice of Hearing and Joint Motion for (I) Expedited Relief and (II) Interim and Final Orders (A) Authorizing Debtors' Use of Unencumbered Cash or, in the Alternative, Cash Collateral and (B) Granting Adequate Protection;**

4. Memorandum of Law in Support of Joint Motion for (I) Expedited Relief, and (II) Interim and Final Orders (A) Authorizing Debtors' Use of Unencumbered Cash or, in the Alternative, Cash Collateral and (B) Granting Adequate Protection;

5. Proposed Interim Order;

6. Proposed Final Order;

7. **Notice of Motion and Joint Motion for an Expedited Hearing and for an Order Authorizing Debtors to Pay Prepetition Wages and Employee Benefits and Authorizing Banks and Financial Institutions to Honor and Process Checks and Transfers Related to Such Relief;**

8. Memorandum of Law in Support of Joint Motion for an Expedited Hearing and for an Order Authorizing Debtors to Pay Prepetition Wages and Employee Benefits and Authorizing Banks and Financial Institutions to Honor and Process Checks and Transfers Related to Such Relief;

9. Proposed Order;

10. **Notice of Hearing and Joint Motion for Order (I) Granting Expedited Relief, (II) Authorizing Maintenance of Existing Bank Accounts and Business Forms, (III) Authorizing Continued Use of Cash Management System, and (IV) Waiving the Requirements of 11 U.S.C. § 345(B)**;

11. Memorandum in Support of Joint Motion for Order (I) Granting Expedited Relief, (II) Authorizing Maintenance of Existing Bank Accounts and Business Forms, (III) Authorizing Continued Use of Cash Management System, and (IV) Waiving the Requirements of 11 U.S.C. § 345(B);

12. Proposed Order;

13. **Notice of Motion and Joint Motion for Expedited Hearing and Authorizing Debtors to Pay Prepetition Taxes and Fees and Authorizing and Directing Financial Institutions to Honor and Process Checks and Transfers Related to Such Relief;**

14. Memorandum of Law in Support of Joint Motion for Expedited Hearing and Authorizing Debtors to Pay Prepetition Taxes and Fees and Authorizing and Directing Financial Institutions to Honor and Process Checks and Transfers Related to Such Relief;

15. Proposed Order

16. **Notice of Hearing and Joint Motion for Expedited Hearing and for an Order Authorizing Debtors to Pay the Prepetition Claims of Certain Critical Vendors;**

17. Memorandum of Law in Support of Joint Motion for Expedited Hearing and for an Order Authorizing Debtors to Pay the Prepetition Claims of Certain Critical Vendors;

18. Proposed Order;

19. **Notice of Hearing and Joint Motion for Expedited Relief and for Order Authorizing Debtors to Honor Certain Prepetition Programs to Customer Programs;**

20. Memorandum in Support of Joint Motion for Expedited Relief and for Order Authorizing Debtors to Honor Certain Prepetition Programs to Customer Programs;

21. Proposed Order;

22. **Notice of Hearing and Joint Motion for Order (I) Granting Expedited Relief, (II) Authorizing Joint Administration of Cases, and (III) Restricting Service under Local Rule 9013-3(A)(2)**;

23. Memorandum in Support of Notice of Hearing and Joint Motion for Order (I) Granting Expedited Relief, (II) Authorizing Joint Administration of Cases, and (III) Restricting Service under Local Rule 9013-3(A)(2);

24. Proposed Order; and

25. Certificate of Service

by sending true and correct copies to all parties on the attached Service List as indicated therein.

Dated: December 4, 2010                  */s/ Douglas W. Kassebaum*
                                          Douglas W. Kassebaum

Duke and King Acquisition Corp. and Related Debtors - Bky No. 10-38652
FIRST DAY DOCUMENTS SERVICE LIST
Served via overnight mail except those parties whose contact information includes an e-mail address were served via e-mail

| *US Trustee and Other Required Parties* | Attorneys for Burger King Corporation<br>Paul J. Battista<br>Genovese Joblove & Battista, P.A.<br>100 Southeast Second Street, 44th Floor<br>Miami, Florida 33131<br>pbattista@gjb-law.com | Attorneys for Bank of America<br>Stephen M. Mertz<br>Michael R. Stewart<br>Michael F. Doty<br>Faegre & Benson LLP<br>2200 Wells Fargo Center<br>90 South 7th Street<br>Minneapolis, MN 55402-3901<br>SMertz@faegre.com<br>MStewart@faegre.com<br>MDoty@faegre.com |
|---|---|---|
| U.S. Trustee's Office<br>1015 US Courthouse<br>300 S Fourth St<br>Minneapolis MN 55415<br>ustpregion12.mn.ecf@usdoj.gov | | |
| U.S. Trustee's Office<br>1015 US Courthouse<br>300 South Fourth Street<br>Minneapolis MN 55415<br>robert.raschke@usdoj.gov | Swisshelm<br>Attn: Bruce Swisshelm<br>3765 East Turtle Hatch Road<br>Springfield, MO 65809 | |
| IRS District Counsel<br>380 Jackson St, Ste 650<br>St Paul MN 55101-4804 | Reinhart Foodservice LLC<br>230 North Front Street<br>La Crosse, WI 54601<br>rerytilahti@rfsdelivers.com | Attorneys for Bank of America<br>Wendy S. Walker<br>Jonathan K. Bernstein<br>Patrick D. Fleming<br>Morgan, Lewis & Bockius LLP<br>101 Park Avenue<br>New York, NY 10178-0060<br>wwalker@morganlewis.com<br>jbernstein@morganlewis.com<br>pfleming@morganlewis.com |
| Internal Revenue Service<br>Wells Fargo Place<br>30 E 7th St, Mail Stop 5700<br>St Paul MN 55101 | MBM Corporation<br>Attn: Dana Demers<br>P.O. Box 841170<br>Dallas, TX 75284-1170<br>ddemers@mbmfoodservice.com | |
| MN Department of Revenue<br>Collection Enforcement<br>551 Bankruptcy Section<br>600 North Robert Street<br>PO Box 64447<br>St Paul MN 55101-2228 | Sicom Systems Inc.<br>4140 Skyron Drive<br>Doylestown, PA 18901<br>mdeily@sicom.com | Duke Manufacturing Co.<br>Attn: Officer or Agent<br>2305 North Broadway<br>Saint Louis, MO 63102<br>Fax No. 314-231-5074 |
| US Attorney<br>600 US Courthouse<br>300 S Fourth St<br>Minneapolis MN 55415 | Gilbert Mechanical Cont. inc.<br>4451 West 76th Street<br>Minneapolis, MN 55435<br>mgoelz@gilbertmech.com | GreatAmerica Leasing Corporation<br>Attn: Officer or Agent<br>625 1st Street, SE, Suite 800<br>Cedar Rapids, IA 52401-2031<br>Fax No. 319-365-8607 |
| Minnesota Department of Economic Security<br>332 Minnesota St, Ste E200<br>St. Paul MN 55101-1351 | OI Distribution<br>12900 Southwest 89th Court<br>Miami, FL 33176<br>iliana@originalimpressions.com | Meadowbrook Meat Company<br>Attn: Dana Demers<br>2641 Meadowbrook Road<br>Rocky Mount, NC 27802<br>Fax No. 252-467-4520<br>ddemers@mbmfoodservice.com |
| *Debtors* | Pan-O-Gold Baking Co.<br>444 East St. Germain St.<br>St. Cloud, MN 56304<br>info@panogold.com | |
| Duke and King Acquisition Corp.<br>Attn: Becky Moldenhauer<br>12281 Nicollet Ave S<br>Burnsville, MN 55337<br>bmoldenhauer@dukeandking.com | | Coca-Cola Financial Corporation<br>Attn: Amber Meyer<br>1410 SW Morrison St., #750<br>Portland, OR 97205<br>amber_meyer@leasedimensions.com |
| *Debtors' 10 Largest Unsecured Creditors* | Legacy Enterprises<br>Attn: John Strong<br>1109 S Pickwick Ave<br>Springfield, MO 65804 | |
| Kinderhook<br>521 Fifth Ave 34th Floor<br>New York, NY 10175<br>ttuttle@kinderhook.com | *Major Secured Creditors* | Warren Capital Corporation<br>Attn: Scott Shapiro<br>100 Rowland Way #205<br>Novato, CA 94945<br>Fax No. 415-892-7075 |
| Burger King Corporation<br>Attn: Frank Taylor<br>PO Box 93290<br>Atlanta, GA 31193-2980<br>ftaylor@whopper.com | Bank of America, N.A.<br>as Administrative Agent<br>600 Peachtree Street, NE,<br>GA1-006-13-20<br>Atlanta, GA 30308<br>Fax No. 404-942-4476 | |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

| | |
|---|---|
| Duke and King Acquisition Corp. | Case No. 10-38652 |
| Debtor. | Chapter 11 Case |

| | |
|---|---|
| Duke and King Missouri, LLC | Case No. 10-38653 |
| Debtor. | Chapter 11 Case |

| | |
|---|---|
| Duke and King Missouri Holdings, Inc. | Case No. 10-38654 |
| Debtor. | Chapter 11 Case |

| | |
|---|---|
| Duke and King Real Estate, LLC | Case No.10-38655 |
| Debtor. | Chapter 11 Case |

| | |
|---|---|
| DK Florida Holdings, Inc. | Case No. 10-38656 |
| Debtor. | Chapter 11 Case |

**ORDER GRANTING EXPEDITED RELIEF AND**
**AUTHORIZING JOINT ADMINISTRATION OF CASES**

This case came before the court on the above Debtors' motion for expedited hearing and for an order authorizing joint administration. Appearances are noted on the record. Based on the arguments of counsel and the documents of record herein, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED:

1. The Debtors' request for expedited relief is granted.

2. The Debtors' motion for joint administration is granted.

3. The Debtors' respective cases shall be jointly administered in accordance with Bankruptcy Rule 1015(b) and the heading of pleadings herein shall read as follows:

4843169

| | |
|---|---|
| **Duke and King Acquisition Corp.,**[1] | **Case No. 10-38652** |
| **Debtors** | **Jointly Administered** |

[1] **Duke and King Acquisition Corp., Case No. 10-38652; Duke and King Missouri, LLC, Case No. 10-38653; Duke and King Missouri Holdings, Inc., Case No. 10-38654; Duke and King Real Estate, LLC, Case 10-38655; and DK Florida Holdings, Inc., Case No. 10-38656.**

4. Nothing in this Order shall be construed to effect a substantive consolidation of the Debtors' chapter 11 cases, and the cases shall not be consolidated without further order of the Court.

5. Except as provided in paragraphs 8 and 9 below, all future documents in the Debtors' chapter 11 cases shall bear the joint administration caption noted in paragraph 3 of this Order and shall be filed **only** to the case of Duke and King Acquisition Corp., Case No. 10-38652.

6. Each Debtor shall file its schedules and statements and any amendment thereto in its respective case.

7. Each creditor shall file a separate claim in each case in which it holds a claim and the Clerk's office shall maintain separate claims registers in each case to facilitate this process.

8. One mailing matrix shall be maintained for all cases, which Debtors' counsel shall submit, and which shall be maintained in the electronic record for Duke and King Acquisition Corp., Case No. 10-38652.

9. This Order is effective immediately upon entry and the Clerk of Bankruptcy Court shall enter this order on the docket of each of the Debtors' chapter 11 cases.

Dated: _____

United States Bankruptcy Judge